UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lawrence P. SCHNAPF,<br>55 East 87th Street, #88<br>New York, New York 10128<br><br>      Plaintiff,<br><br>      v.<br><br><br>NATIONAL ARCHIVES AND RECORDS<br>ADMINISTRATION,<br>700 Pennsylvania Avenue, NW<br>Washington, DC 20408<br><br>      Defendant. | Case No. 1:21-cv-2816 (TJK) |

**ANSWER TO AMENDED COMPLAINT**

Defendant, the National Archives and Records Administration ("NARA"), by the undersigned counsel, respectfully submit this Answer to the Amended Complaint filed by Plaintiff Lawrence P. Schnapf ("Plaintiff" or "Schnapf"). This case arises under the Freedom of Information Act ("FOIA"). The unnumbered preamble to the Amended Complaint is a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent that a response is required, Defendant denies the allegations, except to admit that this action purports to be brought under FOIA. Defendant answers the separately numbered paragraphs and prayer for relief contained in the Amended Complaint as follows:

**RESPONSES TO THE NUMBERED PARAGRAPHS**

1. The allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

2. The allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendant admits that NARA is a federal "agency" within the meaning of 5 U.S.C. § 552(f)(1). The remainder of this paragraph consists of the Plaintiff's conclusions of law, to which no response is required.

5. The allegations in this paragraph constitute a characterization of this action, to which no response is required. To the extent that a response is required, Defendant denies the allegations, except to admit that this action purports to be brought under FOIA.

6-12. The allegations in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, and on that basis, deny.

13. The allegations in the first sentence contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required. Defendant denies the second sentence to the extent it refers millions of documents rather than millions of pages.

14. Defendant admits the first sentence. The remainder of the allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

15. The allegations in this paragraph characterize the JFK Act and its purposes and otherwise contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required. To the extent these allegations are about the subjective motivations of a diverse group of people in Congress, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Admit the first sentence. The remainder of the allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

17. The allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

18. Admit the first five sentences. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence.

19. The allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

20. Defendant admits that President Trump issued a temporary certification by presidential memorandum on Oct. 26, 2017. Defendant otherwise respectfully refers the Court to that memorandum for a true and complete statement of its contents, and denies any allegation inconsistent with its plain language, meaning, or context. The second and third sentences purport to characterize an Office of Legal Counsel memorandum and a memorandum of the Archivist of the United States. Defendant otherwise respectfully refers the Court to those memoranda for a true and complete statement of their contents, and denies any allegation inconsistent with their plain language, meaning, or context. The allegations in the last sentence of this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

21. The first sentence purports to characterize an Office of Legal Counsel memorandum. Defendant otherwise respectfully refers the Court to that memorandum for a true and complete statement of its contents, and denies any allegation inconsistent with its plain language, meaning, or context. The allegations in the last sentence of this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

22.     This paragraph characterizes directions and requirements regarding the review process without reference to a specific document or actor; Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent these allegations are intended to characterize the Oct. 26, 2017 memorandum, Defendant respectfully refers the Court to that memorandum for a true and complete statement of its contents, and denies any allegation inconsistent with its plain language, meaning, or context.

23.     The allegations in the first sentence of this paragraph purport to characterize a March 26, 2018 memorandum from the Archivist of the United States; Defendant respectfully refers the Court to that memorandum for a true and complete statement of its contents, and denies any allegation inconsistent with its plain language, meaning, or context.  Admit the second sentence.  The allegations in the last sentence of this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

24.     Defendant admits that NARA issued a press release on April 26, 2018; Defendant respectfully refers the Court to that press release for a true and complete statement of its contents, and denies any allegation inconsistent with its plain language, meaning, or context.

25.     Defendant denies the first sentence, which appears to describe partially a FOIA response to a different requestor.  The allegations in the last sentence of this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

26.     Defendant admits that President Biden issued a Memorandum for the Heads of Executive Departments and Agencies on the Temporary Certification Regarding Disclosure of Information in Certain Records Related to the Assassination of President John F. Kennedy on Oct. 22, 2021.  Defendant otherwise respectfully refers the Court to that memorandum for a true

and complete statement of its contents, and denies any allegation inconsistent with its plain language, meaning, or context.

27. Denies.

28. Defendant incorporates its responses to paragraphs 5-27 above as if set forth fully herein.

29. Defendant admits that a FOIA request was received from the Plaintiff dated May 12, 2021. Defendant respectfully refers the Court to that FOIA request for a true and complete statement of its contents, and denies any allegation inconsistent with the request's plain language, meaning, or context.

30. Admits.

31. The allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

32. Defendant admits that it denied Plaintiff's request for expedited processing by letter dated May 20, 2021. Defendant respectfully refers the Court to that letter for a true and complete statement of its contents, and denies any allegation inconsistent with the letter's plain language, meaning, or context.

33. The allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

34. Defendant incorporates its responses to paragraphs 5-27 above as if set forth fully herein.

35. Defendant admits that a FOIA request was received from the Plaintiff dated May 12, 2021. Defendant respectfully refers the Court to that FOIA request for a true and complete

statement of its contents, and denies any allegation inconsistent with the request's plain language, meaning, or context.

36.   Admits.

37.   Admits the first sentence to the extent it means that Defendants have not yet made final determination with respect to the referenced request. The remainder of the allegations in this paragraph contain the Plaintiff's conclusions of law, not allegations of fact, and no response is required.

The remaining allegations in the Amended Complaint constitute a prayer for relief, to which no answer is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Defendant hereby denies all allegations in the Amended Complaint not expressly admitted or denied.

## DEFENSES

1.   Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

2.   Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA.

3.   Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

Dated:  January 28, 2022                     Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
c/o U.S. Attorney's Office
150 Fayetteville St., Suite 2100
Raleigh, NC 2760
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov